**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Lixin Azarmehr, et al.,

               Plaintiffs,

    v.

Wells Fargo Clearing Services LLC,

               Defendant.

Case No. 2:25-cv-00088-APG-BNW

**ORDER**

Before this Court is Defendant Wells Fargo Clearing Services LLC's ("Wells Fargo") Motion for Protective Order, Plaintiffs' Opposition and Cross-Motion for Protective Order, and related briefing. ECF Nos. 58, 62, 67 and 68.

**I.     BACKGROUND**

Documents produced in this case will likely include confidential financial records and other sensitive information belonging to both parties and non-parties. The parties therefore agree that a protective order is appropriate. They have reached an agreement on all terms except proposed Section 12.3—which Wells Fargo seeks to include, and Plaintiffs oppose.

Wells Fargo's proposed Section 12.3 would permit any party, counsel, or other individual to share any confidential material with the SEC, FINRA, or any other regulatory authority, at any time, without notice to the producing party. Wells Fargo grounds its request in two legal authorities: (1) 17 C.F.R. § 240.21F-17(a), and (2) FINRA Rule 2010 and related Regulatory Notice 14-40.

Plaintiffs contend neither authority applies to court-issued protective orders. Plaintiffs also raise a privacy argument and contend that judicial estoppel bars Wells Fargo's position based on its conduct in prior litigation.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 26 grants the Court discretion and authority to engage in "continuing and close judicial involvement" in discovery in the case and to exercise effective

judicial management of discovery. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment ("The present amendment again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management . . . [T]here will be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own.").

Rule 26(c) provides that the court may, for good cause shown, "protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense" by issuing a protective order which "specif[ies] terms" for how discovery shall occur. Fed. R. Civ. P. 26(c)(1). "The burden is upon the party seeking [a protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

"Control of pretrial discovery, including the entry or modification of a protective order, is a matter falling peculiarly within the discretion of the district court." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). Indeed, "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III.   ANALYSIS

### A.  Section 240.21F-17(a)

Section 240.21F-17(a) provides that "[n]o person may take any action to impede an individual from communicating directly with the Commission staff about a possible securities law violation, including enforcing, or threatening to enforce, a confidentiality agreement . . . ." Wells Fargo argues that § 240.21F-17(a) affirmatively forbids it from agreeing to a protective order with no exception for regulatory communications, because such an order would impede individuals from reporting potential securities violations to the SEC. This Court is not persuaded.

This Court declines to read § 240.21F-17(a) so broadly. By its terms, the regulation prohibits a "person" from taking an "action to impede" an individual from communicating with the SEC. The regulation's sole enumerated example of such prohibited conduct is "enforcing, or threatening to enforce, a confidentiality agreement." Such conduct does not include a court issuing a discovery order.

In addition, the SEC enforcement actions Wells Fargo cites arose in circumstances far removed from a court-issued protective order. *See In the Matter of The Brink's Company*, Admin. File No. 3-20904 (SEC June 22, 2022); *see also In the Matter of AppFolio, Inc*., Admin. File No. 3-22080 (SEC Sept. 9, 2024). Neither case says anything about what a court must include in a protective order, and this Court declines to extend these administrative enforcement precedents to this context.

Critically, no court has applied § 240.21F-17(a) to require a specific provision in a court-issued protective order. The sole case either party identifies in which a court adopted a government agency disclosure provision — *Vertos Medical, Inc. v. Folsom Metal Products, Inc*., 2024 WL 5705908 (N.D. Ala. Aug. 16, 2024) — did not apply or even reference § 240.21F-17(a). That court's inclusion of a carve-out provision reflects its Rule 26(c) discretion, not a legal mandate.

Lastly, Wells Fargo's own conduct in past litigation undermines its position. It has repeatedly proposed and agreed to protective orders in other federal court proceedings without any regulatory carve-out. *See Chan v. Wells Fargo Advisors*, LLC, No. 1:14-cv-00344-BMK, ECF No. 30 (D. Haw. Feb. 24, 2015); *see also New Jersey Carpenters Health Fund v. Wells Fargo Advisors LLC*, No. 1:08-cv-05310, ECF No. 162 (S.D.N.Y. Mar. 19, 2015). Plaintiffs argue, and Wells Fargo does not contest, that in at least one case Wells Fargo expressly agreed not to disclose confidential information to regulatory authorities at all. *Fifth Third Bank, N.A. v. Brown*, No. 1:24-cv-00478, ECF No. 14 at ¶ 11 (S.D. Ohio Dec. 13, 2024). Most tellingly, in the SEC enforcement action directly involving these Plaintiffs — *SEC v. Azarmeh*r, No. 2:24-cv-00707 (D. Nev.) — Wells Fargo operated under a protective order with no such carve-out. Wells Fargo characterizes these prior agreements as inadvertent mistakes. That explanation is difficult

to credit. The pattern spans multiple jurisdictions, multiple law firms, and includes an instance where Wells Fargo affirmatively agreed not to disclose to regulators at all. This Court therefore holds that § 240.21F-17(a) does not require the inclusion of Wells Fargo's proposed Section 12.3.

### B. *FINRA Rule 2010 and Regulatory Notice 14-40*

Wells Fargo also relies on FINRA Rule 2010, which requires member firms to "observe high standards of commercial honor and just and equitable principles of trade," and on FINRA Regulatory Notice 14-40, which states that using confidentiality provisions in discovery stipulations to restrict communications with regulators violates Rule 2010.

FINRA Rule 2010 says nothing about protective orders or confidentiality agreements. Wells Fargo's argument rests entirely on Regulatory Notice 14-40, which is a guidance document and not a rule. The Notice is titled "Confidentiality Provisions in Settlement Agreements and the Arbitration Discovery Process." Section A addresses settlement agreements and Section B addresses the FINRA arbitration discovery process specifically. The "discovery stipulations" language Wells Fargo relies on appears in Section B, which is entirely focused on FINRA's own arbitration rules and discovery guide. The Notice never mentions federal court, the Federal Rules of Civil Procedure, or court-issued protective orders.

Neither party has identified any court that has cited Regulatory Notice 14-40 to require a carve out in a protective order. The sole case either party identifies in which a court adopted a government agency disclosure provision, *Vertos Medical,* made no reference to FINRA Rule 2010 or Regulatory Notice 14-40. This Court declines to be the first to extend FINRA guidance to federal court protective order practice. Again, Wells Fargo's own prior conduct further undermines any claim that Rule 2010 or Regulatory Notice 14-40 compels a different result here.

The burden of demonstrating good cause rests with the party seeking the protective order provision at issue. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Wells Fargo has not met that burden. That is, it has identified no legal authority requiring the carve out it seeks, and its own litigation conduct confirms that no such requirement exists. Plaintiffs, as cross-movants, have met theirs. The parties agree a protective order is warranted given the confidential

nature of the materials at issue, and Plaintiffs' proposed order reflects the terms both sides have already accepted.

### C. No Carve-Out Is Required — The Modification Process Is the Appropriate Remedy

This Court acknowledges the policy concern underlying Wells Fargo's request: that individuals who become aware of potential securities law violations should not be impeded from reporting them to regulators. That concern is real, but it does not require embedding a carve out in the protective order from the outset. Federal Rule of Civil Procedure 26(c) provides the appropriate mechanism. Any party or individual who believes a genuine need exists to communicate confidential materials to a regulatory authority may move to modify the protective order at that time.

### D. Judicial Estoppel Does Not Apply — But Wells Fargo's Prior Conduct Is Relevant

Plaintiffs argue that judicial estoppel bars Wells Fargo from seeking a carve out here based on its conduct in prior litigation. This Court declines to apply the doctrine. Judicial estoppel requires, among other things, that a court previously adopted the party's earlier position. *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001). Plaintiffs cannot satisfy that predicate. The only court either party identifies that adopted a government agency disclosure provision — *Vertos Medical, Inc. v. Folsom Metal Products, Inc.*, 2024 WL 5705908 (N.D. Ala. Aug. 16, 2024) — did so without reference to § 240.21F-17(a) or FINRA Rule 2010, and thus did not adopt Wells Fargo's legal position.

That said, as discussed above, Wells Fargo's prior conduct remains highly probative on the question of legal necessity. Wells Fargo's consistent practice of not seeking such carve outs undermines that claim.

### E. Privacy Interests Further Support Declining the Carve Out

Wells Fargo's proposed carve out would have permitted it (and any witness it retains) to disclose any confidential material to any regulatory authority, for any reason, without notice and without any opportunity for affected parties or non-parties to object. Parties and non-parties alike

have an interest in avoiding disclosure of personal financial information to third parties, including government agencies whose proceedings and records may be publicly accessible. Declining to include the carve out eliminates that risk, while preserving access to this Court's modification process for any legitimate regulatory need that may arise.

**IV.    CONCLUSION**

**IT IS ORDERED** that

1.  Defendant's Motion for Protective Order (ECF No. 58) is **DENIED.**

2.  Plaintiffs' Cross-Motion for Protective Order (ECF No. 62) is **GRANTED.**

3.  Plaintiffs shall submit a final proposed protective order consistent with this Order within 14 days.

4.  Any party or individual who subsequently believes a genuine need exists to communicate confidential materials to a regulatory authority may seek modification of the protective order pursuant to Federal Rule of Civil Procedure 26(c) at that time.

DATED: May 11, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE